UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CYNTHIA M. SCHLEGEL**,

Plaintiff,

v.

**CAROLYN COLVIN**, Acting Commissioner
Social Security Administration,

Defendant.

Civil Case No. 1:13-CV-00517-KI

OPINION AND ORDER

    Marlene R. Yesquen
    Black, Chapman, Webber & Stevens
    221 Stewart Avenue, #209
    Medford, Oregon  97501

        Attorney for Plaintiff

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, Oregon  97204

John C. LaMont
Social Security Administration
Office of General Counsel - Region X
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington   98104-7075

　　　　Attorneys for Defendant

KING, Judge:

Plaintiff Cynthia M. Schlegel brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The evaluation is carried out by the Administrative Law Judge ("ALJ"). The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be

Page 3 - OPINION AND ORDER

disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. Id. (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. Id.

## THE ALJ'S DECISION

The ALJ found Schlegel had severe impairments of congenital dislocation of the bilateral hips, degenerative disc disease of the lumbosacral spine, chronic pain syndrome, and colitis/ulcerative proctitis. The ALJ also found that these impairments, either singly or in

Page 4 - OPINION AND ORDER

combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  After reviewing the record, the ALJ found Schlegel had the residual functional capacity to perform the full range of sedentary work, without limitation.  The ALJ relied on the Medical Vocational Guidelines to conclude Schlegel was not disabled under the Act.

## FACTS

Schlegel alleges she became disabled on June 2, 2008, when she was 35 years old.  She has a GED and certification as a commercial driver's license trainer.  Schlegel has worked as a teaching assistant, a driving instructor, and a real estate broker.

Schlegel reports a history of six hip surgeries and two knee surgeries, all performed when Schlegel was a teenager, and five carpal tunnel release surgeries.  She complains of severe pain in her back, hip, and arms, and she has trouble walking.  Schlegel also suffers from Crohn's disease and ulcerative colitis.  She was hospitalized for gastrointestinal complaints in June and September 2010 and treated for the same in the Emergency Department in July and October 2010 and January 2011.

Schlegel treats the pain with methadone, oxycodone, and an antidepressant.  The medication affects her ability to concentrate.

Schlegel gave up her driver's license in 2004 after having an accident because she could not move her leg fast enough to control the car.  She lives with her 16-year-old daughter; her son moved out to join the military shortly before the hearing.  Schlegel claims she can only sit, stand, or walk for fifteen minute periods.  Her friend brings Schlegel's meals and her children cook at

times.  Schlegel grocery shops with some limitations and does light housework.  Her children and extended family assist with housework and driving.

## DISCUSSION

I.      Schlegel's Credibility

Schlegel argues the ALJ erred by rejecting her credibility without giving clear and convincing reasons for doing so.  She claims the ALJ relied on isolated findings of limited symptoms and failed to address the preponderance of the medical evidence documenting her chronic low back and hip pain and chronic ulcerative colitis underlying her debilitating symptoms.

> In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis.  First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.

Molina, 674 F.3d at 1112 (internal quotations and citations omitted).

The ALJ concluded Schlegel's statements about the severity of her symptoms were not credible to the extent the statements were inconsistent with the ALJ's residual functional capacity assessment.  The ALJ noted the inconsistency between Schlegel's subjective symptom testimony and the medical records from the various health care providers.

Schlegel contends the ALJ cannot find she lacked credibility premised wholly on a lack of medical support for the severity of her pain.  The Commissioner claims Schlegel's allegations were not merely unsupported, they were affirmatively contradicted by the medical evidence.

Page 6 - OPINION AND ORDER

Although the ALJ cannot reject subjective pain testimony solely because it was not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in determining the severity of the pain and its disabling effects. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Even Schlegel's treating health care providers, who opine she is disabled, have many progress notes reflecting minimal symptoms after treatment with medications. Contradiction with the medical record is a sufficient reason for rejecting a claimant's subjective testimony. Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, it is not the sole reason the ALJ gave.

The ALJ relied on the fact that Schlegel filed a previous unsuccessful application for disability benefits and had a very limited work history with a single four-year period of significant earnings. He also noted Schlegel's ability to work at substantial gainful activity levels during those four years despite her complaint that she suffered from hip and back pain since she was a teenager. The ALJ found no evidence of significant decline in her medical condition over the years.

I do not find the ALJ's two reasons contradictory, as Schlegel argues. The record shows Schlegel earned between $8,953 and $15,701 in five of the six years between 1999 and 2004, many years after she left high school. She earned nothing in the remaining years between 1989 and 2011, with the exception of $878 in 1989 and $24 in 2003. Thus, Schlegel worked for five years while suffering orthopedic problems that began in high school. There is no objective medical evidence the orthopedic problems increased over the years, or that Schlegel received any additional treatment for them other than pain medication. Prior successful work periods while suffering from the same allegedly disabling symptoms is a valid reason to discredit a claimant.

Page 7 - OPINION AND ORDER

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (claimant's long-term limitations did not prevent her from completing high school, obtaining a college degree, finishing a Certified Nurses' Aide training program, and participating in military training). Moreover, a minimal work history prior to the alleged onset date of disability can be a valid reason to discredit a claimant. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability"). .

In summary, the ALJ provided several specific, clear and convincing reasons to discredit Schlegel which are supported by substantial evidence in the record.

II.     Physicians' Opinions

Schlegel contends the ALJ improperly rejected the opinions of two of her treating physicians, Dr. Purtzer and Dr. Ermshar, and examining physician Dr. Rose. The Commissioner argues the medical opinions provided widely divergent views about Schlegel's level of functioning, and the court should give deference to the ALJ's resolution of the conflicting opinions.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Id. (treating physician); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons

Page 8 - OPINION AND ORDER

supported by substantial evidence in the record. Orn, 495 F.3d at 632; Widmark, 454 F.3d at 1066. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1202 (9th Cir. 2008) (internal quotation omitted).

Because the opinions on which Schlegel relies are contradicted by other physicians, the ALJ must provide specific, legitimate reasons to reject them

A.      Dr. Purtzer

On June 2, 2008, Dr. Purtzer opined that Schlegel had a permanent, chronic, painful, incurable, condition; that she suffers from moderately severe intractable pain; that she is permanently and totally disabled from any significant gainful employment; and that she should be granted disability retirement benefits.

The ALJ gave no weight to Dr. Purtzer's opinion because it was based exclusively on Schlegel's subjective reports of pain and limitations with no support in the objective medical record, it contradicted his own findings that Schlegel is able to move freely and her straight leg raising shortly after the alleged onset date was negative, and because opinions that a claimant is disabled are reserved to the Commissioner.

Schlegel notes Dr. Purtzer, who is board-certified in neurosurgery, pain medicine, and disability medicine, treated her from May 2005 through May 2009. She claims Dr. Purtzer based his opinion on extensive clinical contacts and findings as well as the objective findings of Dr. Van Horne. Schlegel further claims the ALJ cannot reject the opinion of Dr. Purtzer because of the opinion of non-examining State agency medical consultant, Dr. Kherli.

Page 9 - OPINION AND ORDER

The Commissioner argues the ALJ's reasons are sufficient to reject Dr. Purtzer's opinion. Disputing Schlegel's argument that the ALJ made his own independent medical findings, the Commissioner claims the ALJ relied on the findings of Drs. Kherli, Saviers, Bohnert, and Alley.

As the Commissioner notes, some of the doctors on whom the ALJ relied, specifically Dr. Saviers, a physical medicine and rehabilitation specialist, and Dr. Shields, a psychologist, examined Schlegel. Thus, the ALJ did not rely solely on the opinions of nonexamining state agency consultants.

Dr. Purtzer did not state his opinion as a list of specific limitations affecting Schlegel's ability to work. As a result, I agree the ALJ could reject the part of Dr. Purtzer's opinion stating Schlegel was totally disabled and should be granted disability benefits. "The law reserves the disability determination to the Commissioner." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("An impairment is a purely medical condition. A disability [finding] is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity."). The ALJ must, however, address the other parts of the opinion given in medical terms concerning Schlegel's pain.

I agree with the ALJ that Dr. Purtzer's opinion is inconsistent with the majority of his chart notes, which generally state Schlegel ambulates freely and without deficits, she exhibits mild or no pain behavior, she is doing well, her pain control is good, and she is not working because she can no longer drive. There are exceptions in which Schlegel complains of increased symptoms, but those chart notes are in the minority. Inconsistency with the doctor's own medical records is a valid reason to reject the doctor's opinion. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

I also reject Schlegel's argument that the ALJ was required to contact Dr. Purtzer to obtain additional information about the inconsistencies. The ALJ may reject the treating physician's opinion without triggering a duty to contact the physician for more explanation. McLeod, 640 F.3d at 885.

Here, the ALJ faced doctors' opinions which vastly differed in the limitations they assessed for Schlegel. The ALJ's task is to resolve these conflicts. If the record supports multiple rational interpretations, the court must defer to the Commissioner's decision. Molina, 674 F.3d at 1111. The ALJ gave specific, legitimate reasons to reject Dr. Purtzer's opinion, and the reasons are supported by substantial evidence in the record. The ALJ did not err in rejecting Dr. Purtzer's opinion.

    B.    Dr. Ermshar

On July 27, 2011, Dr. Ermshar endorsed the opinion of his associated Family Nurse Practitioner ("FNP") Rossel. The two treated Schlegel from January 2010 to July 2011. They gave details of Schlegel's symptoms of orthopedic pain, gastrointestinal pain, and related problems. They opined Schlegel's pain would interfere with her attention and concentration one-third to two-thirds of a work day, she could sit for less than two hours in a work day and stand or walk for less than two hours in a work day, she must walk for five minutes every 30 minutes, she would have to take a break of ten to 60 minutes every hour, her legs would have to be elevated above heart level for six hours a day, and she would miss more than four days of work a month.

The ALJ gave no weight to Dr. Ermshar's opinion. He found Dr. Ermshar addressed Schlegel's complaints with medication, and the opinion was inconsistent with the treatment notes, which reported little functional limitation.

Page 11 - OPINION AND ORDER

Schlegel contends the findings of Dr. Ermshar and FNP Rossel are well established by clinical findings and observations as well as reports from Schlegel.

The Commissioner argues these two providers' treatment notes are inconsistent with the level of impairment they endorsed, as well as inconsistent with the opinions of Drs. Saviers, Kherli, and Alley.

I agree with the Commissioner that the treatment notes do not document severe limitations concerning Schlegel's orthopedic problems. For example, on May 17, 2011, the treatment note states Schlegel denies joint pain, joint swelling, muscle pain, muscular weakness, deformity, loss of function, limitation of motion, muscular weakness, tingling or numbness.

I disagree with respect to Schlegel's gastrointestinal problems. The same note states that Schlegel has nausea, vomiting, diarrhea, abdominal pain, change in appetite, blood in stools, feels unwell like she is nine months pregnant, and has diffuse abdominal tenderness to palpation with significant bloating present although no guarding, no rigidity, no rebound, and no masses. It states Schlegel is tolerating treatment poorly and the disease seems to be getting worse. Many of the treatment notes document this level of symptoms for Schlegel's gastrointestinal problems. I conclude the ALJ's reason that Dr. Ermshar's opinion was inconsistent with his treatment notes is not supported by substantial evidence in the record concerning gastrointestinal problems, and accordingly is not a valid rejection of the entire opinion.

C.    Dr. Rose

On September 29, 2009, Dr. Rose examined Schlegel and opined she could stand and walk for 30 to 60 minutes in a work day and sit for two to three hours in a work day, for a combined number of hours shorter than an eight-hour work day.

Page 12 - OPINION AND ORDER

The ALJ gave little weight to Dr. Rose's opinion because she only saw Schlegel a single time, Dr. Rose is a Board Certified Family Practice Physician and not a specialist in physical medicine and rehabilitation like Dr. Saviers, and Dr. Rose's examination was not as thorough as Dr. Saviers'. Dr. Saviers opined Schlegel could stand and walk at least two hours in a work day and sit about six hours in a work day.

The Commissioner contends Schlegel waived any challenge to the ALJ's consideration of Dr. Rose's opinion by failing to provide any argument beyond a subtitle in the opening brief claiming the ALJ erred. I acknowledge the argument was minimal but I will address Dr. Rose's opinion.

I first note Dr. Rose and Dr. Saviers both examined Schlegel a single time, so that reason is not a legitimate one to reject Dr. Rose's opinion. Moreover, I see no indication Dr. Saviers conducted a more thorough examination than Dr. Rose. Thus, this reason is also not a legitimate one.

The ALJ may give more weight to the specialist's opinion in his field, however, and Dr. Saviers is a specialist in a field relevant to the orthopedic impairments limiting Schlegel's sitting and standing. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). The court must defer to the ALJ's resolution of conflicting medical opinions. Molina, 674 F.3d at 1111. The ALJ gave a specific, legitimate reason to reject Dr. Rose's opinion and committed no error.

III.    Remedy

The court has the discretion to remand the case for additional evidence and findings or to award benefits. McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally

Page 13 - OPINION AND ORDER

sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Connett, 340 F.3d at 876. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

The ALJ's only error was improperly rejecting the part of Dr. Ermshar's opinion addressing Schlegel's gastrointestinal problems. Given the differences between the doctors' opinions, this is not a case in which it is clear Schlegel is unable to work. Accordingly, I remand the action for rehearing.

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this ____9th____ day of April, 2014.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge